**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LEONEL GUSTAVO SOTO LUGO; and** | § | |
| **FELIX RODRIGUEZ,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **MARKWAYNE MULLIN,** *Secretary, U.S.* | § | **EP-26-CV-00015-DCG** |
| *Department of Homeland Security*; **and** | § | |
| **JOSEPH B. EDLOW,** *Director, U.S.* | § | |
| *Citizenship and Immigration Services*, | § | |
| | § | |
| *Defendants*. | § | |

<u>**ORDER REGARDING SERVICE OF PROCESS**</u>

On March 25, 2026, Plaintiffs filed a Notice "to keep the Court apprised of the status of service" of process on Defendants.[1]  As the Court now explains, however, even if everything in the Notice is factually accurate, Plaintiffs still haven't filed adequate proof that they've validly served any of the parties to this case.

**I.      DISCUSSION**

**A.      Applicable Legal Standards**

Because the only two Defendants in this action are "United States officer[s] . . . sued only in an official capacity," Plaintiffs must serve Defendants in accordance with Federal Rule of Civil Procedure 4(i)(2).[2]  Rule 4(i)(2) requires the plaintiff to do two things:

---

[1] *See* Notice, ECF No. 12, at 2; *see also infra* Section I.B.2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* FED. R. CIV. P. 4(i)(2); *see also* Pet., ECF No. 1, at 4.

(1)     "send a copy of the summons and of the complaint by registered or certified mail to the . . . [individual Defendant] officer;" and

(2)     "serve the United States."[3]

Serving the United States in turn requires the plaintiff to:

(A)     either:

(i)     "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or"

(ii)     "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;"

and

(B)     "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."[4]

Upon accomplishing service, Plaintiffs must also file proof of service with the Court.[5]

With exceptions that don't apply here,[6] proof of service "must be by the server's affidavit."[7]

## B.     Plaintiffs Have Not Yet Filed Adequate Proof That They Served the Defendants

For the following reasons, Plaintiffs haven't yet filed adequate proof that they've satisfied any of the requirements set forth above.

---

[3] *See* FED. R. CIV. P. 4(i)(2).

[4] *See* FED. R. CIV. P. 4(i)(1)(A)–(B).

[5] *See* FED. R. CIV. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court.").

[6] *See id.* ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."); FED. R. CIV. P. 4(d)(4) ("When a plaintiff files a waiver [of service], proof of service is not required . . . ."); FED. R. CIV. P. 4(*l*)(2) (specifying the applicable procedures for proving service outside the United States).

[7] *See* FED. R. CIV. P. 4(*l*)(1).

### 1.    Plaintiffs Haven't Filed Valid Proof That They Served the Individual Defendants

First, although Plaintiffs have filed mailing receipts indicating that they mailed something to both of the individual Defendant officers,[8] that doesn't satisfy the requirement that Plaintiffs prove service "by the server's affidavit."[9]  Additionally, because the mailing receipts don't indicate what Plaintiffs mailed to the individual Defendant officers,[10] the receipts do not establish that Plaintiffs mailed "a copy of the summons and of the complaint" to both Defendants.[11]

### 2.    Plaintiffs Haven't Filed Valid Proof That They Served the Attorney General

In their Notice, Plaintiffs attest that "the Summons and Complaint were . . . sent to the Attorney General of the United States on January 22, 2026, via United States Postal Service."[12]  Because "Plaintiffs have not yet received the Domestic Return Receipt corresponding to this

---

[8] *See* Edlow Mail Receipt, ECF No. 7; Noem Mail Receipt, ECF No. 10.

[9] *See* FED. R. CIV. P. 4(*l*)(1).

*See also, e.g.*, *Garvich v. Georgia*, No. 3:20-cv-122, 2020 WL 8766016, at *4 (N.D. Ga. Dec. 8, 2020) ("[C]ertified mail return receipts do not satisfy Rule 4(*l*)(1)'s requirement that the plaintiff submit the process server's affidavit as proof of service."); *Totty v. Spotify USA Inc.*, No. CV-21-00396, 2022 WL 768141, at *2 (D. Ariz. Mar. 14, 2022) ("[A] certified mail receipt . . . does not constitute proper proof of service . . . . The certified mail receipt is not a server's affidavit.").

[10] *See* Edlow Mail Receipt; Noem Mail Receipt.

[11] *See* FED. R. CIV. P. 4(i)(2).

*See also, e.g.*, *Traylor v. United States*, No. 3:21-cv-104, 2021 WL 6618647, at *2 n.3 (S.D. Miss.) ("[T]he certified mail receipts . . . do not show that Defendant was properly served with *a correctly executed summons and a copy of the Complaint* as required by Rule 4(i).  The 'receipt' simply indicates that *something* was mailed." (emphases added)), *report and recommendation accepted by* 2021 WL 5919023 (S.D. Miss. Dec. 15, 2021).

[12] *See* Notice at 1.

- 3 -

service," however, they state that they "will re-send the Summons and Complaint" to the Attorney General "in an abundance of caution."[13]

However, even assuming (without deciding) that Plaintiffs did in fact mail the summons and complaint to the Attorney General on January 22, 2026, Plaintiffs haven't submitted a server's affidavit proving that to be true. Here too, all that Plaintiffs have filed to substantiate their assertion that they served the Attorney General on January 22, 2026 is a certified mail receipt[14] and a printout of the mailing's tracking history.[15] Once again, that doesn't satisfy the affidavit requirement.[16]

**3.      Plaintiffs Haven't Filed Any Proof That They Served the U.S. Attorney for the Western District of Texas**

Finally, Plaintiffs haven't filed any proof whatsoever that they served the U.S. Attorney for the Western District of Texas as Rule 4(i)(1)(A) requires.[17]

## II.      CONCLUSION

The Court therefore **ORDERS** Plaintiffs to:

(1)      **SERVE** Defendants with process in accordance with Federal Rule of Civil Procedure 4(i); and

(2)      **FILE** valid proof of service in accordance with Federal Rule of Civil Procedure 4(*l*).

---

[13] *See id.* at 1–2.

[14] *See* Notice Ex. B, ECF No. 12-2.

[15] *See* Notice Ex. C, ECF No. 12-3.

[16] *See supra* Section I.B.1.

*See also, e.g.*, *Kency v. Wormuth*, No. CV 123-188, 2024 WL 3258201, at *2 (S.D. Ga.) ("[T]he tracking information[] and the mail receipts do not establish compliance with Rule 4 . . . . Plaintiff's attempts to prove service are faulty because he did not provide proof of service by affidavit . . . ."), *report and recommendation accepted by* 2024 WL 5356273 (S.D. Ga. July 22, 2024).

[17] *See* FED. R. CIV. P. 4(i)(1)(A); *see also supra* note 4 and accompanying text.

Because Plaintiff's deadline to serve Defendants is **April 7, 2026**,[18] the Court **ORDERS**

Plaintiffs to file adequate proof of service **by that same date**.

    **So ORDERED and SIGNED this 27th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[18] *Compare* FED. R. CIV. P. 4(m) ("If a defendant is not served *within 90 days after the complaint is filed*, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added)), *with* Pet. (filed January 7, 2026).

    *But see* FED. R. CIV. P. 4(i)(4) (specifying that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States").