**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LEONEL GUSTAVO SOTO LUGO; and** **FELIX RODRIGUEZ,** | § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | |
| **MARKWAYNE MULLIN,** *Secretary, U.S.* *Department of Homeland Security*; **and** **JOSEPH B. EDLOW,** *Director, U.S.* *Citizenship and Immigration Services*, | § § § § § | **EP-26-CV-00015-DCG** |
| *Defendants*. | § § § | |

**ORDER EXTENDING DEADLINE TO SERVE DEFENDANTS WITH PROCESS**
**AND FILE PROOF OF SERVICE**

For the following reasons, the Court *sua sponte* **EXTENDS** Plaintiffs' deadline to serve

Defendants with process and file proof of service.

## I.    BACKGROUND

**A.    The Court's March 27, 2026 Order**

On March 27, 2026, the Court issued an Order alerting Plaintiffs that they hadn't yet filed

adequate proof that they had validly served any of the Defendants with process.[1]  Besides

explaining what the Plaintiffs would need to do to serve Defendants in accordance with the

Federal Rules of Civil Procedure,[2] the Court stressed that Plaintiffs would also need to "file

proof of service with the Court"—which Plaintiffs would need to prove "by the server's

---

[1] Order Regarding Serv., ECF No. 14, at 1; *see also id.* at 2–4 (explaining why various documents that Plaintiffs had filed on the docket before March 27, 2026 didn't suffice to prove that Plaintiffs had served Defendants in conformance with the Federal Rules of Civil Procedure).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See id.* at 1–4.

affidavit" to comply with Rule 4(*l*)(1).[3]  Because Plaintiffs' 90-day deadline to serve Defendants

was set to expire on April 7, 2026,[4] the Court ordered Plaintiffs to file valid proof of service "by

that same date."[5]

**B.      Plaintiffs' April 6, 2026 Notice**

On April 6, 2026—the day before that deadline was set to expire—Plaintiffs filed a

"Notice to the Court Regarding Service on the Attorney General."[6]  The Notice asserted that on

March 25, 2026—two days before the Court issued the aforementioned Order on March 27,

2026—Plaintiffs "re-sent the Summons and Complaint via certified mail to the appropriate

parties."[7]  According to a printout from the U.S. Postal Service's website that Plaintiffs attached

to the Notice,[8] "said mailing was delivered and picked up on March 30, 2026."[9]  Plaintiffs stated,

however, that they had "not yet received the Domestic Return Receipt reflecting the certified

signature for th[e] delivery."[10]

---

[3] *See id.* at 2.

*See also* FED. R. CIV. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

[4] *See* Order Regarding Serv. at 5 & n.18.

*See also* FED. R. CIV. P. 4(m) (requiring each defendant to be "served within 90 days after the complaint is filed"); Compl., ECF No. 1, at 2–8 (filed January 7, 2026).

[5] *See* Order Regarding Serv. at 5 (emphasis omitted).

[6] *See* Notice, ECF No. 15, at 1, 3.

[7] *See id.* at 1 (emphasis omitted).

[8] *See* Tracking History, ECF No. 15-2, at 1.

[9] *See* Notice at 1 (emphasis omitted).

[10] *See id.* (emphasis omitted).

Plaintiffs further reported that, "[i]n an effort to ensure proper service" on the U.S. Attorney General, they had also "retained a process server to personally serve the documents."[11] According to Plaintiffs, however, "[t]he process server was unable to complete service" because "the receiving office indicated that it only accepts service via certified mail delivery."[12]

The Notice concluded by attesting that Plaintiffs were "continuing diligent efforts to comply fully with Rule 4(i) and the Court's [March 27, 2026] Order, including gathering all necessary documentation and proof of service."[13]  Plaintiffs therefore pledged to "promptly file any additional proof of service, including return receipts and/or affidavits, as soon as they become available."[14]

**C.    Plaintiffs' Failure to File Adequate Proof of Service by April 7, 2026**

Importantly, neither the Notice nor any of the documents attached to it consisted of a server's affidavit.[15]  As such, none of Plaintiffs' April 6, 2026 filings satisfied the requirement that Plaintiffs prove service "by the server's affidavit."[16]  Nor did Plaintiffs file any other document evincing valid proof of service between April 6th and April 7th, when their court-

---

[11] *See id.* at 2 (emphasis omitted).

[12] *See id.* (emphasis omitted); *see also* Case Activity, ECF No. 15-3, at 2 ("I spoke with an individual who identified themselves as the security and they stated service not permitted.  No personal service allowed.  No civilian access to this Building.  All documents need to be sent certified.").

*See also* FED. R. CIV. P. 4(i)(1) (specifying that "[t]o serve the United States, a party must" (among other things) "send a copy of [the summons and complaint] *by registered or certified mail* to the Attorney General of the United States at Washington, D.C." (emphasis added)).

[13] *See* Notice at 2.

[14] *See id.*

[15] *See* Certified Mail Receipt, ECF No. 15-1, at 1; Tracking History at 1; Case Activity at 1–3.

[16] *See* FED. R. CIV. P. 4(*l*)(1); *see also* Order Regarding Serv. at 3–4 (explaining why neither "a certified mail receipt" nor "a printout of the mailing's tracking history" satisfies Rule 4(*l*)(1)'s affidavit requirement).

ordered deadline to file proof of service expired.[17]  Thus, at least at present, the Court lacks any valid proof that Plaintiffs served Defendants within 90 days as the Federal Rules require.[18]

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) provides (with exceptions that aren't relevant here) that "[i]f a defendant is not served within 90 days after the complaint is filed," then "the court— on motion or on its own after notice to the plaintiff—must" either:

(1)  "dismiss the action without prejudice against that defendant;" or

(2)  "order that service be made within a specified time."[19]

If, however, "the plaintiff shows good cause for the failure" to serve the defendant within 90 days, then "the court *must* extend the time for service for an appropriate period."[20]

Importantly, the Court also possesses the discretion to extend the time for service *irrespective* of whether the plaintiff can show good cause for failing to serve the defendant within the 90-day period.[21]  Thus, the undersigned Judge's "usual practice whenever a plaintiff misses the 90-day service deadline is to extend the deadline by 30 days as a matter of course, without first requiring the plaintiff to show good cause for its failure to serve the defendant within 90 days."[22]  The Court will follow that usual practice here.

---

[17] *See supra* notes 4–5 and accompanying text.

[18] *See* FED. R. CIV. P. 4(m) (requiring each defendant to be "served within 90 days after the complaint is filed").

[19] *Id.*

[20] *Id.* (emphasis added).

[21] *See, e.g.*, *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of [R]ule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

[22] *See, e.g.*, *G&G Closed Circuit Events, LLC v. La Patrona Seafood & Cantina, LLC*, No. 3:24-CV-00156, 2024 WL 4100243, at *4 (W.D. Tex. Aug. 28, 2024) (Guaderrama, J.).

### III.   CONCLUSION

Thus, the Court *sua sponte* **EXTENDS** Plaintiffs' deadline to:

(1)    serve Defendants with process in accordance with Federal Rule of Civil Procedure 4(i); and

(2)    file valid proof of service in accordance with Federal Rule of Civil Procedure 4(*l*).

Plaintiffs shall accomplish both of those tasks by **May 7, 2026**.

Because Plaintiffs' Notice contains language suggesting that Plaintiffs are still under the misimpression that a certified mail receipt suffices to prove service of process,[23] the Court respectfully **REMINDS** Plaintiffs that "proof [of service] must be by the *server's affidavit*."[24]

**So ORDERED and SIGNED this 13th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[23] *See* Notice at 2 ("Plaintiffs will promptly file any additional proof of service, including return receipts *and/or* affidavits, as soon as they become available." (emphasis added)).

*But see* Order Regarding Serv. at 3–4 (explaining why neither "a certified mail receipt" nor "a printout of the mailing's tracking history" satisfies Rule 4(*l*)(1)'s affidavit requirement).

[24] *See* FED. R. CIV. P. 4(*l*)(1) (emphasis added).