**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LEONEL GUSTAVO SOTO LUGO; and FELIX RODRIGUEZ,** | § | |
| *Plaintiffs*, | § | |
| v. | § | |
| **MARKWAYNE MULLIN,** *Secretary, U.S. Department of Homeland Security*; **and JOSEPH B. EDLOW,** *Director, U.S. Citizenship and Immigration Services*, | § | **EP-26-CV-00015-DCG** |
| ***Defendants*.** | § | |

**ORDER GRANTING FINAL EXTENSION OF TIME TO VALIDLY SERVE DEFENDANTS AND FILE COMPLIANT PROOF OF SERVICE**

For the following reasons, the Court **GRANTS** Plaintiffs Leonel Gustavo Soto Lugo and Felix Rodriguez one last extension of time to validly serve Defendants and file compliant proof that they've done so.

## I. BACKGROUND

### A. Applicable Legal Standards

#### 1. How to Serve a Federal Official Sued in His Official Capacity Only

Before the Court can take any substantive action in this case, Plaintiffs must serve Defendants with process in accordance with Federal Rule of Civil Procedure 4.[1] Both

[1] *E.g.*, *McAfee v. Lear Corp.*, No. 3:24-CV-1811, 2024 WL 5012063, at *1 (N.D. Tex. Dec. 6, 2024) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." (citation modified)).

Defendants are federal officials whom Plaintiffs are suing in their official capacities only,[2] so Plaintiffs must serve them in accordance with Rule 4(i)(2).[3] That means that Plaintiffs must:

(1) "send a copy of the summons and of the complaint by registered or certified mail to" each Individual Defendant;[4] and

(2) "serve the United States" in accordance with Federal Rule of Civil Procedure 4(i)(1).[5]

---

[2] Compl., ECF No. 1, at 4 ("Defendant, Mr. Joseph B. Edlow, is the Director of U.S. Citizenship and Immigration Services . . . . This suit is being brought against him in his official capacity."); *id.* ("Defendant, Ms. Kristi Noem, is the Secretary of Homeland Security. This suit is being brought against her in her official capacity.").

The Court substituted Current DHS Secretary Markwayne Mullin in Former Secretary Noem's place as a named Defendant on March 26, 2026. Order Substituting Def., ECF No. 13; *see also* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . ."). The Court will use the phrase "Defendant Noem" to refer generically to either Former Secretary Noem or her successor in this lawsuit.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *See* FED. R. CIV. P. 4(i)(2) (governing service on "a United States officer or employee sued only in an official capacity").

[4] The Court will use the phrase "Individual Defendants" to refer to the individual human beings named as defendants in the case caption. *See id.* (requiring the plaintiff to "send a copy of the summons and of the complaint by registered or certified mail" to each "United States officer or employee sued only in an official capacity").

The term "Defendants," by contrast, shall refer to the parties sued in their official capacities in this lawsuit.

Thus, to serve *Defendants*, it's not enough to serve the *Individual Defendants themselves*; Plaintiffs must also serve the United States. *See infra* notes 5–6 and accompanying text.

[5] FED. R. CIV. P. 4(i)(2).

To serve the United States, Plaintiffs must:

(A) either:

(i) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or"

(ii) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;"

and

(B) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."[6]

To put all that in simpler terms, Plaintiffs need to serve each of the following people before this case may proceed:

(1) both Individual Defendants;

(2) the United States Attorney for the Western District of Texas (or his office or designee); and

(3) the Attorney General of the United States in Washington, D.C.

**2. How to Prove Service**

Federal Rule of Civil Procedure 4(*l*)(1), meanwhile, requires Plaintiffs to prove that they've served each of people listed above.[7] Although valid proof of service isn't necessarily a

[6] FED. R. CIV. P. 4(i)(1)(A)–(B).

[7] FED. R. CIV. P. 4(*l*)(1) (providing (with an exception not relevant here) that "proof of service must be made to the court").

prerequisite to the Court exercising jurisdiction over Defendants,[8] filing proof of service is mandatory under the Rule's plain text.[9]

The Rule states unequivocally that "proof must be by the *server's affidavit*."[10] A certified mail return receipt does not satisfy the Rule's affidavit requirement; nor does a printout of a mailing's tracking history.[11]

## B. Procedural History

Plaintiffs filed this case on January 7, 2026.[12] Thus, Plaintiffs' original 90-day deadline to serve Defendants was April 7, 2026.[13]

---

[8] *See* FED. R. CIV. P. 4(*l*)(3) ("Failure to prove service does not affect the validity of service.").

[9] FED. R. CIV. P. 4(*l*)(1) ("[P]roof of service *must* be made to the court." (emphasis added)).

[10] *Id.* (emphasis added).

[11] *E.g.*, *Garvich v. Georgia*, No. 3:20-cv-122, 2020 WL 8766016, at *4 (N.D. Ga. Dec. 8, 2020) ("[C]ertified mail return receipts do not satisfy Rule 4(*l*)(1)'s requirement that the plaintiff submit the process server's affidavit as proof of service."), *aff'd*, No. 21-10679, 2022 WL 1531701 (11th Cir. May 16, 2022); *Totty v. Spotify USA Inc.*, No. CV-21-00396, 2022 WL 768141, at *2 (D. Ariz. Mar. 14, 2022) ("[A] certified mail receipt . . . does not constitute proper proof of service . . . . The certified mail receipt is not a server's affidavit."); *Kency v. Wormuth*, No. CV 123-188, 2024 WL 3258201, at *2 (S.D. Ga. July 1, 2024) ("[T]he tracking information[] and the mail receipts do not establish compliance with Rule 4 . . . . Plaintiff's attempts to prove service are faulty because he did not provide proof of service by affidavit . . . ."), *report and recommendation accepted by* 2024 WL 5356273 (S.D. Ga. July 22, 2024); *Traylor v. United States*, No. 3:21-cv-104, 2021 WL 6618647, at *2 n.3 (S.D. Miss. Nov. 29, 2021) ("[T]he certified mail receipts . . . do not show that Defendant was properly served with a correctly executed summons and a copy of the Complaint as required by Rule 4(i). The 'receipt' simply indicates that something was mailed."), *report and recommendation accepted by* 2021 WL 5919023 (S.D. Miss. Dec. 15, 2021).

[12] *See* Compl.

[13] *See* FED. R. CIV. P. 4(m) (requiring the plaintiff to serve the defendant "within 90 days after the complaint is filed").

**1. Defendants' Rule 4 Letter**

On March 10, 2026, Plaintiffs filed a certified mail receipt purporting to prove that they served Defendant Edlow on February 6, 2026.[14] But Plaintiffs didn't file a server's affidavit to accompany that certified mail receipt.[15] Their filing didn't therefore suffice to prove service on Defendant Edlow under Rule 4(*l*)(1).[16] Nor—at least at that time—did Plaintiffs file any documents indicating that they'd served Defendant Noem, the U.S. Attorney General in Washington, D.C., or the U.S. Attorney for the Western District of Texas.[17]

So, on March 17, 2026, Defendants' counsel sent Plaintiffs' Counsel a letter notifying him that Defendants had not yet "been served in compliance with the Federal Rules of Civil Procedure" (the "Rule 4 Letter").[18] Defendants' counsel explained that until Plaintiffs complied fully with Rule 4(i)—including the requirement to serve the U.S. Attorney for the Western District of Texas and the Attorney General in Washington, D.C.—Defendants were under no obligation to answer or otherwise respond to the Complaint.[19]

---

[14] Edlow Receipt, ECF No. 7, at 2.

[15] *See id.* at 1–2.

[16] *See supra* note 11 and accompanying text.

[17] *See* Edlow Receipt at 1–2; *see also supra* Section I.A.1.

[18] Rule 4 Letter, ECF No. 12-1, at 1.

Defendants' counsel also filed a copy of the Rule 4 Letter on the docket to apprise the Court that Plaintiffs hadn't yet complied with the Federal Rules. Docketed Copy, ECF No. 8.

[19] Rule 4 Letter at 1; *see also, e.g.*, *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint . . . .").

### 2. The Court's First Service Order

On March 24, 2026, Plaintiffs filed another certified mail receipt purporting to prove that they had served Defendant Noem on March 5, 2026.[20] Once again, though, Plaintiffs didn't file a server's affidavit to accompany that certified mail receipt.[21]

The following day, Plaintiffs filed a notice stating they had served the Attorney General in Washington, D.C. on January 22, 2026 (the "First Notice").[22] To substantiate that they'd done so, Plaintiffs attached a certified mail receipt and a printout of the mailing's tracking history to the First Notice.[23] There too, though, Plaintiffs didn't file a server's affidavit attesting that Plaintiffs had served the Attorney General.[24]

Conspicuously absent from any of Plaintiffs' filings was any indication that they had served the U.S. Attorney for the Western District of Texas.[25]

Thus, on March 27, 2026, the Court issued an Order informing Plaintiffs that none of their filings to date sufficed to prove valid service on any of the recipients.[26] The Court alerted Plaintiffs to Rule 4(*l*)'s requirement to prove service by the server's affidavit and explained that neither certified mail receipts nor tracking history printouts satisfy that requirement.[27] The Court

---

[20] Noem Receipt, ECF No. 10, at 1.

[21] *See id.* at 1–2.

[22] 1st Notice, ECF No. 12, at 1.

[23] 1st Att'y Gen. Receipt, ECF No. 12-2; 1st Att'y Gen. Tracking Hist., ECF No. 12-3.

[24] *See* 1st Notice; Rule 4 Letter; 1st Att'y Gen. Receipt; 1st Att'y Gen. Tracking Hist.

[25] *See* Edlow Receipt; Noem Receipt; 1st Notice; 1st Att'y Gen. Receipt; 1st Att'y Gen. Tracking Hist.

[26] 1st Serv. Order, ECF No. 14, at 1–4.

[27] *Id.* at 2–4.

further notified Plaintiffs that they still hadn't filed any proof that they'd served the U.S. Attorney for the Western District of Texas.[28] The Court therefore directed Plaintiffs to complete (and file valid proof of) service by the existing deadline of April 7, 2026.[29]

**3. The Court's Second Service Order**

On April 6, 2026, Plaintiffs filed a notice stating they had "undertaken additional efforts to properly effect service in compliance with Federal Rule of Civil Procedure 4(i)" (the "Second Notice").[30] As attachments to that Notice, Plaintiffs filed another certified mail receipt indicating that Plaintiffs had mailed additional copies of the summons and complaint to the U.S. Attorney General in Washington, D.C. on March 25, 2026,[31] along with tracking history indicating that the Attorney General received that mailing on March 30, 2026.[32] But Plaintiffs once again failed to attach an affidavit from the person who sent that mailing.[33]

The Second Notice also stated that, "[i]n an effort to ensure proper service, Plaintiffs also retained a process server to personally serve the documents" on the Attorney General in Washington, D.C.[34] Rule 4(i)(1) doesn't permit litigants to serve the Attorney General by

---

[28] *Id.* at 4.

[29] *Id.* at 4–5; *see also supra* note 13 and accompanying text.

[30] 2d Notice, ECF No. 15, at 1.

[31] 2st Att'y Gen. Receipt, ECF No. 15-1, at 1; *see also* 2d Notice at 1.

[32] 2d Att'y Gen. Tracking Hist., ECF No. 15-2, at 1; *see also* 2d Notice at 1.

[33] *See* 2d Notice; 2st Att'y Gen. Receipt; 2d Att'y Gen. Tracking Hist.; ABC Legal Case Details Printout, ECF No. 15-3.

[34] 2d Notice at 2; *see also* ABC Legal Case Details Printout.

personal service, however,[35] so the building's security personnel appropriately turned the process server away.[36]

Noticeably absent from those filings was any mention of service on the Individual Defendants or the U.S. Attorney.[37] Thus, as of April 7, 2026 (when Plaintiffs' initial service deadline expired),[38] the docket still contained no server's affidavit for Defendants Edlow and Noem (as contrasted with mere certified mail receipts), and no indication whatsoever that Plaintiffs had served the U.S. Attorney for the Western District of Texas.

So, on April 13, 2026, the Court *sua sponte* exercised its discretion to extend Plaintiffs' deadline to accomplish (and file proof of) service to May 7, 2026.[39] For the second time,[40] the Court reminded Plaintiffs "that proof of service must be by the server's affidavit"—not a certified mail receipt.[41]

---

[35] *See* FED. R. CIV. P. 4(i)(1)(B) (requiring the plaintiff to serve "the Attorney General of the United States at Washington, D.C." "by *registered or certified mail*" (emphasis added)); *see also Dempster v. Dep't of Veterans Affs.*, No. 16-774, 2017 WL 5914662, at *3 (M.D. La. Nov. 30, 2017) ("As required by FED. R. CIV. P. 4(i)(1)(B), the Attorney General of the United States is to be served through registered or certified mail. . . . Personal hand-delivery of service is not authorized under FED. R. CIV. P. 4(i)(1)(B).").

[36] ABC Legal Case Details Printout at 2 ("I spoke with an individual who identified themselves as the security and they stated service not permitted. No personal service allowed. No civilian access to this Building. All documents need to be sent certified."); 2d Notice at 2.

[37] *See* 2d Notice; 2st Att'y Gen. Receipt; 2d Att'y Gen. Tracking Hist.; ABC Legal Case Details Printout.

[38] *See also supra* note 13 and accompanying text.

[39] 2d Serv. Order, ECF No. 16, at 4–5; *see also infra* Section II.A.3 (discussing the Court's discretion to extend the service deadline without first requiring Plaintiffs to show good cause for their failure to meet the original deadline).

[40] *See supra* note 27 and accompanying text.

[41] 2d Serv. Order at 5 (citation modified) (emphasis omitted).

**4. The Court's Show Cause Order**

Between April 13, 2026 (when the Court issued that Order) and May 7, 2026 (the extended service deadline), Plaintiffs didn't file any proof of service documents (or anything else) on the docket.[42] Thus, just like the original service deadline, the extended deadline expired without Plaintiffs filing adequate proof they'd served either Defendant.[43]

So, on May 8, 2026, the Court ordered Plaintiffs to take one of the following actions by May 26, 2026:

(1) If Plaintiffs had validly served Defendants with process on or before May 7, 2026, they would need to file proof of service in accordance with Rule 4(*l*)(1).

(2) If Plaintiffs *hadn't* validly served Defendants by that date, they would need to show good cause why the Court shouldn't dismiss this case for lack of valid service.[44]

**5. Plaintiffs' Response to the Show Cause Order**

Plaintiffs timely responded to the Show Cause Order on May 26, 2026.[45] Plaintiffs stated in their Response that they served the Attorney General in Washington, D.C. on January 22, 2026 (before the service deadline).[46] To substantiate that they had done so, Plaintiffs attached to their response an affidavit from their Counsel averring that a "copy of the Summons and Complaint was sent" to the Attorney General "via United States Postal Service Certified Mail on

---

[42] Show Cause Order, ECF No. 17, at 4.

[43] *Id.*

[44] *Id.* at 6; *see also infra* Section II.A.2 (explaining that Rule 4(m) requires courts to allow additional time to complete service if the plaintiff shows good cause for his failure to timely serve the defendant).

[45] Resp. Show Cause Order, ECF No. 18, at 1–3.

[46] *Id.* at 1–2.

January 22, 2026."[47] But Counsel's affidavit didn't identify who mailed those documents to the Attorney General.[48] Counsel did not, for instance, identify himself as the person who served those documents.[49]

Counsel's affidavit thus does not suffice to prove that Plaintiffs served the Attorney General. Again, Rule 4(*l*)(1) requires a "*server's* affidavit"[50]—meaning that the affidavit must be completed by *the person who served the summons*.[51] The only time a plaintiff's attorney may complete the affidavit is when the attorney himself is the one who served the summons. Because Counsel's affidavit doesn't specify who mailed the summons to the Attorney General (such as a retained process server, an employee of Counsel's firm, or Counsel himself), the Court can't be sure that it's a *server's* affidavit—as opposed to merely an affidavit of *counsel* attesting that *some unidentified person* served the summons.

More fundamentally, neither Counsel's affidavit nor Plaintiffs' Response to the Show Cause Order say anything about service on the Individual Defendants or the U.S. Attorney for

---

[47] Counsel's Aff., ECF No. 18, at 5.

[48] *See id.* ("A true and correct copy of the Summons and Complaint . . . *was sent* to the Attorney General . . . ." (emphasis added)); *id.* ("The copy of the Summons and Complaint *was sent* via United States Postal Service Certified Mail on January 22, 2026 . . . ." (emphasis added)); *id.* ("On March 25, 2026, another copy of the Summons and Complaint . . . *was sent* to the Attorney General . . . ." (emphasis added)).

[49] *See id.* (stating merely that "I am the attorney for the named Plaintiff [sic]").

*See also* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); *e.g.*, *Stark v. Town of Rumford*, No. 2:20-cv-00066, 2020 WL 6389185, at *4 (D. Me. Oct. 30, 2020) ("[S]ervice by a party's attorney or attorney's employee, though perhaps not best practice, is commonly treated as proper under Rule 4(c)(2) . . . .").

[50] FED. R. CIV. P. 4(*l*)(1) (emphasis added).

[51] *Miniard v. LFUCG Div. Code Enf't*, No. 5:23-CV-050, 2023 WL 2587474, at *1 (E.D. Ky. Mar. 21, 2023) ("For each issued summons, this form must be completed by *the person who served the summons* and then filed with the Clerk of the Court to establish proof of service as required by FED. R. CIV. P. 4(*l*)(1)." (emphasis added)).

the Western District of Texas.[52] Thus, the docket still doesn't contain a server's affidavit for the Individual Defendants—only certified mail receipts, which don't suffice.[53] And the docket still contains no evidence at all that Plaintiffs have served the U.S. Attorney for the Western District of Texas.[54]

Perhaps anticipating that the Court would deem the Counsel's affidavit inadequate, Plaintiffs' Response to the Show Cause Order also states that "[t]o the extent the Honorable Court finds that Plaintiffs did not validly serve Defendants, it is Plaintiffs' position that good cause has been established."[55] To support their claim of good cause, Plaintiffs recount the various efforts they made to serve the *Attorney General*.[56] But Plaintiffs made no attempt to justify their apparent failure to serve the *U.S. Attorney for the Western District of Texas*[57]—despite Defendants telling them once and the Court telling them multiple times that they needed to do so.[58]

## II. DISCUSSION

Because serving the U.S. Attorney for the Western District of Texas is a prerequisite to serving Defendants with process,[59] and because the docket contains no indication that Plaintiffs

---

[52] *See* Resp. Show Cause Order at 1–3; Counsel's Aff. at 4–5.

[53] *See supra* Sections I.B.1–4.

[54] *See supra* Sections I.B.1–4.

[55] Resp. Show Cause Order at 2.

[56] *Id.*

[57] *See id.*

[58] *See supra* Section I.B.1–4.

[59] *See supra* Section I.A.1.

have done so,[60] it appears that Plaintiffs failed to validly serve Defendants by the May 7, 2026 deadline. The Court must therefore decide whether to:

(1) further extend Plaintiffs' deadline to serve Defendants and file valid proof thereof; or

(2) dismiss this case for want of service and failure to comply with court orders.

### A. Applicable Legal Standards

Federal Rule of Civil Procedure 4(m) states that where—as here—a plaintiff fails to serve a defendant by the applicable deadline, the Court must either:

(1) "dismiss the action without prejudice against that defendant;" or

(2) "order that service be made within a specified time."[61]

There are certain circumstances, however, where a Court *must* give the plaintiff more time to accomplish service instead of dismissing the case.

#### 1. Rule 4(i)(4)(A)

Rule 4(i)(4)(A), for instance, provides that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."[62] As

---

[60] *See supra* Section I.B.

[61] FED. R. CIV. P. 4(m).

[62] FED. R. CIV. P. 4(i)(4).

especially relevant here,[63] "a United States officer or employee sued only in an official capacity" is "a person required to be served under Rule 4(i)(2)."[64]

**2. Rule 4(m)**

Another provision mandating extensions in specified circumstances is Rule 4(m) itself, which states that "if the plaintiff shows good cause for" failing to serve a defendant by the applicable deadline, "the court must extend the time for service for an appropriate period."[65] "The plaintiff bears the burden of proving good cause for failure to timely effect service."[66] "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[67] "Additionally, some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified is normally

---

[63] *See supra* note 2 and accompanying text (noting that both Defendants are United States officials whom Plaintiffs are suing in their official capacity only).

[64] FED. R. CIV. P. 4(i)(2); FED. R. CIV. P. 4(i)(4)(A).

Rule 4 also contains a second mandatory extension provision that applies when a plaintiff sues a U.S. officer or employee in his or her *individual* capacity. *See* FED. R. CIV. P. 4(i)(4)(B). As noted, however, Plaintiffs are suing Defendants in their official capacities only. *See supra* note 2 and accompanying text. Rule 4(i)(4)(B) thus doesn't apply here. *See, e.g.*, *Meza de Munoz v. Whitaker*, No. 2:18-cv-02332, 2020 WL 4819942, at *3 (D. Nev. Aug. 18, 2020) ("Rule 4(i)(4)(B) is . . . unavailable to [the plaintiff] because . . . all three [defendants] are sued in their official capacities only.").

[65] FED. R. CIV. P. 4(m).

[66] *Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)).

[67] *E.g.*, *Thrasher*, 709 F.3d at 511 (citation modified).

required."[68] "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive."[69]

**3. Discretionary Extensions**

Besides *requiring* the Court to extend the service deadline in specified circumstances, Rule 4 also grants the Court *discretion* to extend the deadline—even where no other provision of the Rule would require the Court to do so.[70]

**B. Plaintiffs Have Failed to Show Good Cause for a Mandatory Extension Under Rule 4(m)**

The Court first considers whether Plaintiffs have shown good cause for their failure to validly serve the U.S. Attorney for the Western District of Texas—in which case Rule 4(m) would require the Court to give them another extension.[71]

They haven't. As noted, Plaintiffs made no attempt to justify their failure to serve the U.S. Attorney in their Response to the Show Cause Order.[72] Even if they had, the Court can't conceive of any "reasonable basis for [Plaintiffs'] noncompliance" here.[73] Whereas it can sometimes be difficult to locate and serve a non-federal defendant,[74] the U.S. Attorney's Office

[68] *E.g.*, *id.* (citation modified).

[69] *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

[70] *E.g.*, *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

[71] *See* FED. R. CIV. P. 4(m); *see also supra* Section II.A.2.

[72] *See supra* notes 55–58 and accompanying text.

[73] *See Thrasher*, 709 F.3d at 511 (citation modified); *see also supra* note 68 and accompanying text.

[74] *See, e.g.*, *Ancar v. Robertson*, No. 19-30524, 2022 WL 1792535, at *4 (5th Cir. June 2, 2022) (finding "good cause for [the plaintiff's] failure" to timely serve the defendant because the defendant's "employment status . . . changed, and [the plaintiff] did not know how else to find her); *id.* (holding that the district court should have therefore "extended the time for service for an appropriate period" (citation modified)).

for the Western District of Texas isn't hard to find.[75] Plaintiffs' months-long failure to mail the summons and Complaint to that Office—despite being told multiple times that they needed to do so[76]—is therefore unjustified.

### C. The Court is Disinclined to Grant Plaintiffs Another Discretionary Extension

Having concluded that Plaintiffs aren't entitled to a *mandatory* good-cause extension under Rule 4(m), the Court next considers whether to grant them another *discretionary* extension of the service deadline.

The Court is disinclined to do so. When the Court exercised its discretion to grant Plaintiffs a 24-day extension on April 13, 2026,[77] they let the extended deadline expire without taking any action whatsoever.[78] Because Plaintiffs squandered their previous extension, the Court would ordinarily be unwilling to give them another one.

### D. The Court Will Nonetheless Grant Plaintiffs One Final Extension

The Court will nevertheless grant Plaintiffs one final extension because doing so will obviate the need to decide a potentially thorny legal issue.

If the Court didn't grant Plaintiffs another *discretionary* extension, it would need to decide whether Rule 4(i)(4)(A) requires the Court to give them a *mandatory* extension.[79] To

---

[75] Rule 4 Letter at 1 (informing Plaintiffs' counsel of the U.S. Attorney's address).

[76] *See supra* Section I.B.

Even if Defendants and the Court *hadn't* told Plaintiffs that they needed to serve the U.S. Attorney's Office for the Western District of Texas, ignorance of Rule 4's requirements does not constitute good cause. *E.g.*, *Thrasher*, 709 F.3d at 511; *see also supra* note 67 and accompanying text.

[77] *See supra* note 39 and accompanying text.

[78] *See supra* note 42 and accompanying text.

[79] *See supra* Section II.A.1.

reiterate, Rule 4(i)(4)(A) states that "[t]he court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."[80]

Although Plaintiffs haven't filed *valid* proof that they've served the Attorney General of the United States,[81] their filings nonetheless indicate that they've served the Attorney General in accordance with Rule 4.[82] Plaintiffs' "[f]ailure to prove service" on the Attorney General "does not affect the validity of [that] service."[83] It thus appears Plaintiffs have "served . . . the Attorney General of the United States"—which potentially makes them eligible for an extension under Rule 4(i)(4)(A).[84]

The question, then, is whether the U.S. Attorney for the Western District of Texas is "a person required to be served under Rule 4(i)(2)."[85] If so, then the Court "must allow [Plaintiffs] a reasonable time to cure [their] failure to" serve him.[86]

[80] FED. R. CIV. P. 4(i)(4).

[81] *See supra* Section I.B.5.

[82] *Compare* FED. R. CIV. P. 4(i)(1)(B) (requiring Plaintiffs to "send a copy of [the summons and Complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C."), *with* Counsel's Aff. at 5 ("A true and correct copy of the Summons and Complaint . . . was sent to the Attorney General of the United States at 950 Pennsylvania Ave NW, Washington D.C., 20530. . . . The copy of the Summons and Complaint was sent via United States Postal Service Certified Mail on January 22, 2026.").

[83] FED. R. CIV. P. 4(*l*)(3).

[84] *See* FED. R. CIV. P. 4(i)(4)(A).

[85] *See id.*

[86] FED. R. CIV. P. 4(i)(4).

The answer to that question isn't immediately obvious. On one hand, service upon the U.S. Attorney is governed by Rule 4(i)(1), rather than Rule 4(i)(2).[87] In that sense, the U.S. Attorney is "a person required to be served under" Rule 4(i)(1)—not Rule 4(i)(2). On the other hand, "serv[ing] the United States" is a prerequisite to serving "a United States officer or employee sued only in an official capacity" under Rule 4(i)(2),[88] and serving "the United States attorney for the district where the action is brought" is a prerequisite "[t]o serv[ing] the United States."[89] In that limited sense, the U.S. Attorney for the Western District of Texas is "a person required to be served" to validly serve Defendants "under Rule 4(i)(2)."[90]

Researching and analyzing that issue could take time and effort that would be better spent on other matters. Mailing the summons and Complaint to the U.S. Attorney's office, by contrast, would take minimal effort. To obviate any need for the Court to do the former, the Court will extend Plaintiffs' deadline to do the latter. If Rule 4(i)(4)(A) requires the Court to give Plaintiffs "a reasonable time to cure [their] failure to" serve the U.S. Attorney for the Western District of Texas, then this is their "reasonable time" to do so.[91] If Rule 4(i)(4)(A) *doesn't* require the Court

---

[87] *See* FED. R. CIV. P. 4(i)(1) ("To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office . . . .").

[88] FED. R. CIV. P. 4(i)(2).

[89] FED. R. CIV. P. 4(i)(1).

[90] *See* FED. R. CIV. P. 4(i)(4)(A).

[91] The Court deems an extension of roughly 30 days to be a reasonable amount of time under the circumstances. *See infra* Section III; *see also, e.g.*, *Montoya v. Colvin*, No. 2:13-cv-01505, 2014 WL 347600, at *2 (D. Nev. Jan. 30, 2014) ("[T]he court will grant Plaintiff a reasonable time of thirty (30) days to cure her failure to serve the United States Attorney for the District of Nevada." (citing FED. R. CIV. P. 4(i)(4))); *Flowers v. Schultz*, No. 07-2035, 2008 WL 2945962, at *1 (D.N.J. July 28, 2008) (similarly granting a 30-day extension under Rule 4(i)(4)(A)).

to give Plaintiffs another extension, then this is Plaintiffs' second discretionary extension under Rule 4(m).[92]

But this is Plaintiffs' last chance. Irrespective of whether Rule 4(i)(4)(A) would entitle Plaintiffs to a mandatory extension now, they won't be entitled to another one now that they've had "reasonable time to cure [their] failure to" serve the U.S. Attorney. Nor will Plaintiffs be entitled to a good-cause extension under Rule 4(m)—they already had an opportunity to show good cause for failing to timely serve the U.S. Attorney, and they squandered it. And the Court has already given Plaintiffs all the discretionary extensions the Court is willing to provide.

Besides ordering Plaintiffs to serve the U.S. Attorney by the extended deadline below, the Court will also order Plaintiffs to file compliant proof of service on all necessary recipients by that same date.

## III. CONCLUSION

By **November 30, 2026**, Plaintiffs **SHALL**:

(1) **SERVE** the U.S. Attorney for the Western District of Texas in accordance with Federal Rule of Civil Procedure 4(i)(1)(A); **and**

(2) **FILE** valid proof that Plaintiffs have served **EACH** of the following people with process:

   (a) both Individual Defendants;

   (b) the U.S. Attorney for the Western District of Texas; and

   (c) the Attorney General of the United States at Washington, D.C.

[92] *See supra* Section II.A.3.

The Court once again **REMINDS** Plaintiffs that, to comply with Federal Rule of Civil Procedure 4(*l*)(1), proof of service "must be by the *server's affidavit*."[93] Plaintiffs must therefore file:

(1) an affidavit from the person who served Defendant Noem;

(2) an affidavit from the person who served Defendant Edlow;

(3) an affidavit from the person who served the Attorney General in Washington, D.C.; and

(4) an affidavit from the person who ultimately serves the U.S. Attorney for the Western District of Texas.

An affidavit from Plaintiffs' Counsel does not suffice for that purpose unless (1) Plaintiffs' Counsel was the person who served that particular Defendant and (2) the affidavit explicitly says that Plaintiffs' Counsel did so. Certified mail receipts and printouts of a mailing's tracking history don't suffice either.

If Plaintiffs fail to comply fully with this Order by the applicable deadline, the Court **WILL CONSIDER DISMISSING** this case for want of valid service and/or for failure to comply with court orders and rules.

**So ORDERED and SIGNED this 26th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[93] FED. R. CIV. P. 4(*l*)(1).